Filed: 1/7/2020 2:33 PM
Clerk
Miami County, Indiana

IN THE CIRCUIT COURT OF MIAMI COUNTY
STATE OF INDIANA

GEORGE STRICKLIN as Administrator of the
ESTATE OF HILDA STRICKLIN
    Plaintiff

v.

CAUSE NO. **52C01-2001-CT-000014** _____

Miami Circuit Court

WALTER FETTERHOFF

and

MICHIGAN PRODUCE HAULERS, INC.
    Defendants

Serve:    Robert A. Gilliland
            1340 Locust Street
            Fremont, MI 49412

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes the Plaintiff, George Stricklin as Administrator of the Estate of Hilda Stricklin, by and through counsel, John L. Smith, and for his cause of action against the Defendants Walter Fetterhoff and Michigan Produce Haulers, Inc. hereby states as follows:

1.    At all relevant times, the Plaintiff was a resident of Prestonsburg, Commonwealth of Kentucky.

2.    At all relevant times, the Defendant, Walter Fetterhoff, was a resident of Hesperia, Michigan, and acting within the course and scope of his employment with Defendant, Michigan Produce Haulers, Inc.

3.    George Stricklin was appointed Administrator of the Estate of Hilda Stricklin on December 17, 2019 in Floyd County, Commonwealth of Kentucky and he was the husband of Hilda Stricklin.

4. At all relevant times, the Defendant, Michigan Produce Haulers, Inc., was a Foreign Corporation authorized to do business and is doing business in Miami County, State of Indiana and employed Defendant Walter Fetterhoff.

5. The events described herein occurred in Miami County, State of Indiana, and this Court has proper venue in this action.

## COUNT I

6. On or about December 8, 2019, the Defendant, Walter Fetterhoff, was negligent in the operation, maintenance, and control of a 2007 International Prostar when he rear-ended the vehicle Hilda Stricklin was operating.

7. Hilda Stricklin was stopped at the stop light southbound in the driving lane on U.S. 31 at the intersection with Business 31 in Peru, Miami County, Indiana when the Defendant Walter Fetterhoff, who was traveling too fast of a speed to stop on southbound on U.S. 31 and who failed to keep a proper lookout and failed to properly control his vehicle causing him to strike struck the rear of Hilda Stricklin's vehicle causing her vehicle to be forced through the intersection and into the median and causing her death.

8. As a direct and proximate result of the negligent acts and conduct of Defendant, Walter Fetterhoff, the Estate administered by the Plaintiff, suffered great losses and seeks to recover for the death of Hilda Stricklin., including recovery for funeral and burial expenses, expenses incurred in the administration of decedent's estate, reasonable attorney fees incurred in pursuing this claim, compensatory damages for the wrongful death of Hilda Stricklin, and all other damages allowed by law; all damages in excess of the minimal amount necessary to confer jurisdiction upon this Court.

9. The negligence of Defendant, Walter Fetterhoff, in the use of a motor

vehicle and/or his acts and/or omissions being otherwise negligent are the direct and proximate cause of all the damages suffered by the Plaintiff, or are a substantial cause in causing same.

## COUNT II

10. On or about the aforementioned date, the Defendant, Michigan Produce Haulers, Inc. was the owner of the vehicle driven by Defendant Fetterhoff that was involved in the subject collision.

11. At all times relevant, Defendant Fetterhoff was employed by, and acting within the scope of his employment as an employee for Defendant Michigan Produce Haulers, Inc. or one of its agents, subsidiaries, distributorships, or owned businesses or companies, or corporations, and thereby causing the aforementioned Defendant Michigan Produce Haulers, Inc. to be either directly or vicariously liable for the injuries caused to Plaintiff.

12. As a direct and proximate result of the acts and conduct of Defendant, Michigan Produce Haulers, Inc., the Estate administered by the Plaintiff suffered great losses and seeks to recover for the death of Hilda Stricklin including recovery for funeral and burial expenses, expenses incurred in the administration of decedent's estate, reasonable attorney fees incurred in pursuing this claim, compensatory damages for the wrongful death of Hilda Stricklin, and all other damages allowed by law ; all damages in excess of the minimal amount necessary to confer jurisdiction upon this Court.

13. The negligence of Defendant Michigan Produce Haulers, Inc. or one of its employees acting within the scope of their employment, agents, subsidiaries, owned business, companies or corporations in their driving operations and/or their acts and/or

omissions being otherwise negligent are the direct and proximate cause of all damages suffered by Plaintiff, or are substantial cause in causing the same.

**WHEREFORE**, Plaintiff, George Stricklin as Administrator of the Estate of Hilda Stricklin, demands relief against Defendants Walter Fetterhoff and Michigan Produce Haulers, Inc.

as follows:

1. Judgment against the Defendants, for compensatory damages for the wrongful death of Hilda Stricklin in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate George Stricklin as Administrator of the Estate of Hilda Stricklin for his damages, to include the following:

    a. All damages entitled under the Indiana Wrongful Death Act, Indiana Code Section 34-23 et seq;

    b. An award of attorney fees and costs entitled under the Indiana Wrongful Death Act, Indiana 34-23 et seq.

2. **Trial by jury**;

3. Any and all interest to which Plaintiff may be adjudicated to be entitled to from the date of filing this action; and

4. Any and all other appropriate relief to which Plaintiff may appear to be justly entitled.

Respectfully submitted,

*/s/ John L. Smith*

_____
John L. Smith        #26921-31
Morgan & Morgan
611 E. Spring Street
New Albany, IN  47150
812.542.0048 (t)
812.941.4026 (f)
*Counsel for Plaintiff*

Comes now the Plaintiff, George Stricklin as Administrator of the Estate of Hilda Stricklin, and demands a trial by jury on all issues so triable.

*/s/ John L. Smith*

_____
John L. Smith        #26921-31